892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Loretta SHEPPARD, Plaintiff-Appellee,
v.
Arthur H. LAMPEL, Defendant,
and
Seymour Rubinoff, Defendant-Appellant.
Loretta SHEPPARD, Plaintiff-Appellee,
v.
Arthur H. LAMPEL, Defendant-Appellant,
and
Seymour Rubinoff, Defendant.
 Nos. 88-6096, 88-6098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, Chief Judge, and SCHROEDER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Seymour Rubinoff and Arthur Lampel ("appellants") appeal from the district court's denial of their motion for sanctions against Loretta Sheppard ("Sheppard") pursuant to Rule 11 of the Federal Rules of Civil Procedure. We affirm.
 
 
 3
 * Sheppard brought a 42 U.S.C. § 1983 action in district court against the appellants, alleging that her constitutional rights had been violated when a state court judge, in an underlying divorce action, held her in contempt and ordered her sent to jail. Appellants brought motions in district court requesting it to dismiss Sheppard's action for failure to state a claim and impose Rule 11 sanctions. The district court granted the appellants' motion to dismiss, but denied their motion for Rule 11 sanctions.
 
 II
 
 4
 Appellants contend that Sheppard's prayer for relief was inappropriate and that some of the allegations raised in her complaint were without foundation. "Rule 11 sanctions are appropriate only when the pleading as a whole is frivolous or of a harassing nature, not when one of the allegations or arguments in the pleadings may be so characterized." Romero v. Romona, 883 F.2d 1418, 1429 (9th Cir.1989) (quotation omitted); see Golden Eagle Distr. Corp. v. Burroughs Corp., 801 F.2d 1531, 1540 (9th Cir.1986). Sheppard's complaint as a whole, including her prayer for relief, was not frivolous or of a harassing nature. Therefore, the district court's decision not to impose sanctions was proper.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3